UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BORELLI, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05-CV-768 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Anthony Borelli to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

**I.    Background**

On February 2, 2004, Borelli pled guilty to two counts of aiding and abetting the preparation of false and fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2).[1] Contemporaneously with his guilty plea, Borelli signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations," which contained a statement of facts relating to the counts at issue as well as relevant conduct. Additionally, the Plea Agreement contained recommendations made by Borelli concerning

---

[1] The indictment charged Borelli with twenty-three additional counts of aiding and abetting the preparation of false income tax returns. These additional counts were dismissed by the government at sentencing.

the provisions of the United States Sentencing Guidelines that he believed were applicable to the case.  The Plea Agreement also contained a statement of "Acknowledgment and Waiver of the Defendant's Rights" in which Borelli acknowledged that he understood and was waiving his rights to a speedy and public jury trial, to confront and cross-examine adverse witnesses, not to testify or present evidence, to compel the attendance of witnesses, to file pretrial motions, to the presumption of innocence, and to require the government to prove his guilt beyond a reasonable doubt.  Borelli further acknowledged as follows:

> The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

At the change of plea hearing, the Court addressed Borelli personally and questioned him about the Plea Agreement and about his understanding of the rights that he was waiving by pleading guilty.  Under oath, Borelli reiterated his understanding of his rights as set forth in the Plea Agreement. He further stated that he had had sufficient time to discuss the case with his attorney, that he was satisfied with the legal representation he had received, and that he had no complaints about the way his attorney had handled the case.  Borelli also stated under oath that he had reviewed the Plea Agreement and discussed it with his attorney.  In

response to questioning by the Court, Borelli further stated that the Plea Agreement contained all of the agreements between him and the government in connection with the case. The Court informed Borelli that he was waiving his right to a trial and all rights associated with a trial by pleading guilty. The Court further advised Borelli of the statutory penalties he faced by pleading guilty.[2] Borelli stated that he understood everything the Court told him. Borelli went on to describe his actions in connection with the two charges. The Court, after determining the voluntariness of the plea, accepted Borelli's guilty plea.

Borelli filed objections to the Presentence Report that were directed to the calculation of the tax loss, the adjustment for obstruction of justice, the adjustment for acceptance of responsibility, and the offense level computation. The government also filed an objection, asserting that Borelli was not entitled to a downward adjustment for acceptance of responsibility. After negotiations, the parties agreed to withdraw their objections at sentencing.

Borelli also filed a motion for downward departure pursuant to U.S.S.G. § 5H1.4 and § 5H1.6.[3] In the motion, Borelli stated that

---

[2] The statutory penalties included a sentence of imprisonment of not more than three years, a fine of not more than $250,000, the costs of prosecution, and a supervised release term of not more than one year.

[3] Section 5H1.4 allows for a downward departure, in some circumstances, based on a defendant's "extraordinary physical impairment." Section 5H1.6 provides that a defendant's family

3

he suffered from Crohn's disease and degenerative disc disease, and that these impairments justified a downward departure. The motion described in detail the effects of Borelli's medical impairments, as well as the treatment he had received and the prognosis for his recovery. Attached to the motion were the medical reports of Borelli's physicians. Borelli's motion also urged the Court to depart downward based on his position as the sole financial provider for his family. At the sentencing hearing, defense counsel argued strenuously for a downward departure based on the grounds asserted in the motion. The Court, however, rejected the arguments and denied the motion.

Borelli was sentenced on May 14, 2004, to concurrent terms of 33 months' imprisonment, to be followed by a 1-year term of supervised release. The term of imprisonment was within the guideline range of 33-41 months. He was also ordered to pay restitution in the amount of $12,074.59 and a special assessment of $200.00. Borelli appealed the judgment. However, because he had waived his right to appeal, the appeal was dismissed.

## II. **Discussion**

In the present motion, Borelli claims that he was denied effective assistance of counsel, in violation of the Sixth Amendment. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell

---

ties and responsibilities are "not ordinarily relevant" in determining whether a downward departure is appropriate.

below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

**A. Communications with Counsel Regarding Initial Plea Offer**

Borelli asserts that his attorney failed to communicate a plea offer to him in a timely manner. According to Borelli, the government made an initial offer that would have allowed him to plead guilty to only one count of the indictment and that would have limited the amount of the tax loss. Under this offer, Borelli would have faced a guideline imprisonment range of 15-21 months. Borelli states that his attorney did not inform him of this offer in a sufficient amount of time before the expiration date. Borelli states that, as a result, he was "virtually compelled" to enter into the Plea Agreement that he signed.

5

The uncontroverted affidavit of Borelli's defense attorney establishes that the more favorable plea offer was communicated to Borelli, and that he rejected it because it contemplated a term of imprisonment as opposed to probation. An attorney who relays the terms of a plea offer to his client cannot be deemed ineffective. See United States v. Walker, 324 F.3d 1032, 1040 (8th Cir. 2003). Moreover, Borelli does not contend that he would have accepted the plea offer. By failing to do so, he has failed to meet his burden to "present some credible, non-conclusory evidence" that he would have pled guilty earlier under the more favorable plea offer had he been timely informed of it. United States v. Stevens, 149 F.3d 747, 748 (8th Cir.), *cert. denied*, 525 U.S. 1009 (1998). Thus, regardless of when the plea offer was communicated to him, Borelli cannot establish that he suffered any prejudice. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (to establish prejudice, movant must show that, but for his counsel's advice, he would have accepted plea offer).

Finally, it must be pointed out that Borelli stated under oath that he had had sufficient time to discuss the case with his lawyer. His present allegation that his met with him an insufficient number of times is squarely contradicted by his sworn statements to the Court.

**B. Consultation Regarding Plea Agreement and Consequences of Guilty Plea**

Borelli next claims that his attorney informed him that a motion for downward departure would be filed based on Borelli's medical condition, and assured him that the motion would be granted by the Court. Borelli states that counsel did not tell him that departure was discretionary, and did not explain to him that the Sentencing Guidelines allowed for a downward departure only in the case of an "extraordinary physical impairment." Borelli asserts that he agreed to plead guilty based on counsel's representations and based on his belief that he would receive a sentence of electronic monitoring and house arrest.

Borelli was advised by the Court at the change of plea hearing that he faced a maximum sentence of imprisonment of three years. There was no mention made by the Court or in the Plea Agreement of a sentence of house arrest or electronic monitoring. Although the Plea Agreement refers to Borelli's intention to move for a downward departure based on U.S.S.G. § 5H1.4, the document further recites that the government reserved the right to object to any such motion. Thus, it was clear to Borelli that opposition to the motion was a possibility. Further, Borelli stated under oath that no promises had been made to him about the sentence he would receive. His "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977)[cited in United States v. Harvey, 174 Fed. Appx. 627 (8th Cir. 2005)].

The Court reviewed the terms of the Plea Agreement with Borelli and advised him of the consequences of pleading guilty. He does not contend that there was any deficiency in the change of plea colloquy conducted pursuant to Fed. R. Crim. P. 11(b), nor does he contend that he would have insisted on going to trial.

C. **Investigation and Presentation of Medical Information**

As discussed above, defense counsel filed a motion for downward departure based, in part, on Borelli's medical condition Attached to the motion was information provided by Borelli's physician, Dr. Richard Geisman, a specialist in gastroenterology. Dr. Geisman reported that he had treated Borelli for several years for Crohns's disease, and that Borelli's condition, while unpredictable, was controllable. Defense counsel relied on Dr. Geisman's information in arguing for a downward departure.

According to his affidavit, defense counsel also obtained information from other medical providers who had treated Borelli for other, less serious, medical problems. Counsel was aware that Borelli's primary physician was Dr. Leonard Hoffman. However, he did not contact Dr. Hoffman. Defense counsel determined from reviewing the medical records that it was Dr. Geisman--not Dr. Hoffman--who was responsible for treating Borelli's Crohn's disease, and that Dr. Geisman had provided information to Dr. Hoffman about the treatment.

Borelli contends that counsel rendered ineffective assistance by failing to contact and present medical information from Dr.

8

Hoffman. He asserts that Dr. Hoffman would have stated that Borelli had no likelihood of recovering from Crohn's disease and that his symptoms would be greatly exacerbated by incarceration.

At sentencing, defense counsel provided detailed information to the Court about Crohn's disease and how it affected Borelli. Counsel further explained why incarceration would exacerbate Borelli's condition, and strongly urged the Court to impose a sentence of probation. Borelli has not presented an affidavit or report from Dr. Hoffman to support his assertions as to what Dr. Hoffman would have stated. Thus, the Court cannot conclude that Dr. Hoffman would have provided information to defense counsel that would have been more reliable or persuasive than that provided by Dr. Geisman. Thus, Borelli has not shown that, but for counsel's failure to contact Dr. Hoffman, the results of the sentencing proceedings would have been different.

### III. Conclusion

For the foregoing reasons, the Court concludes that Borelli has not shown that he was denied effective assistance of counsel. Therefore, he is not entitled to relief under 28 U.S.C. § 2255. The Court finds that Borelli has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Anthony Borelli to vacate, set aside, or correct sentence [Doc. #1] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2008.